UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC HEALTH REFORM
ALLIANCE,
c/o Binnall Law Group
717 King Street, Suite 200
Alexandria, Virginia 22314

      *Plaintiff,*

v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
c/o General Counsel
200 Independence Avenue, S.W.,
Washington, D.C. 20201,

      *Defendant.*

Case No.: _____

## COMPLAINT

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records requested by Public Health Reform Alliance ("PHRA") from the United States Department of Health and Human Services ("HHS").

## PARTIES

2.    Plaintiff Public Health Reform Alliance is a nonpartisan organization that educates the public on the public health system and promotes government transparency and accountability in public health agencies. In furtherance of its public education mission, PHRA regularly issues FOIA requests.

3.      Defendant United States Department of Health and Human Services is an agency within the meaning of 5 U.S.C. § 552(f)(1). Multiple agency components within HHS have possession, custody, and control of records to which PHRA seeks access and which are the subject of this Complaint, including Centers for Medicare and Medicaid Services ("CMS").

## JURISDICTION AND VENUE

4.      This Court has personal and subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and PHRA is deemed to have exhausted its administrative remedies.

5.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

6.      On June 14, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for: "From February 1, 2021, through the date the search begins, records of communications to, from, and including the listed custodians regarding emergency Medicare determinations for undocumented immigrants." PHRA listed ten different custodians (the "FOIA Request"). Exhibit A.

7.      On June 18, 2024, CMS responded, acknowledging receipt of the FOIA Request, and providing a tracking number. Exhibit B.

8.      Having not heard anything, on September 11, 2024, PHRA emailed CMS inquiring as to the status of the FOIA Request and asking when CMS would produce documents. Exhibit C.

9.      CMS responded on September 12, 2024, noting that its search to the FOIA Request was still pending. Exhibit C.

10.     On October 24, 2024, PHRA noticed a mistake in its request, and asked CMS to change "Medicare" to "Medicaid." Exhibit C.

11.     CMS responded on October 28, 2024, noting that PHRA would need to submit a new request, but informed PHRA that changing the wording would not "significantly impact the search." Exhibit C.

12.     Ultimately, PHRA did not submit a new request; instead, keeping the FOIA Request as submitted.

13.     Having not heard anything, PHRA again inquired as to the status of the FOIA Request on November 8, 2024.

14.     That same day, November 8, 2024, CMS responded that the search had not yet been assigned to an analyst for a review, and furthermore would take 6-12 months to review after being assigned. Exhibit D.

15.     To date, Defendant has not issued a final response to the FOIA Request and is in violation of FOIA's timeliness requirements.

16.     Defendant continues to improperly withhold the requested information from PHRA.

## CAUSES OF ACTION

### COUNT I

### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

17.    PHRA incorporates by reference the above paragraphs as though set forth fully herein.

18.    FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

19.    On June 14, 2024, PHRA properly issued the FOIA Request.

20.    PHRA has a legal right under FOIA to obtain the agency records described in the FOIA Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

21.    FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

22.    The twenty (20) business day time limit has expired for the FOIA Request. Defendant accordingly has improperly denied PHRA's access to agency

4

records by failing to issue final determinations on the FOIA Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

23. Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the FOIA Request. *Id*. Instead, Defendant has issued a vague response that it would complete its review in "anywhere from 6 to 12 months" without providing any exceptional circumstances.

24. PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

25. PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff PHRA respectfully requests that the Court enter judgment against Defendant, and provide PHRA with the following relief:

    a. An order declaring that Defendant's actions violated PHRA's statutory rights under 5 U.S.C. § 552;

    b. An Order that Defendant issue a determination, and that Defendant shall conduct a diligent search for any and all records responsive to the FOIA Request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records

responsive to the FOIA Request, selected from among those methods available to Defendant;

c.  An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to the FOIA Request and a Vaughn index of any responsive records withheld under claim of exemption;

d.  An Order awarding to PHRA its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

e.  An Order granting to PHRA all further relief to which PHRA may be entitled.

Dated: March 14, 2025                     PUBLIC HEALTH REFORM ALLIANCE
                                                      *By Counsel*

                                          Respectfully submitted,

                                          */s/ Jesse R. Binnall*
                                          Jesse R. Binnall (VA022)
                                          BINNALL LAW GROUP, PLLC
                                          717 King Street, Suite 200
                                          Alexandria, Virginia 22314
                                          Phone: (703) 888-1943
                                          Fax: (703) 888-1930
                                          Email: jesse@binnall.com

                                          *Counsel for Plaintiff*

6